UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60652-CIV-COHN

CELESTINE GREEN THOMPSON,

    Plaintiff,

v.

JEH CHARLES JOHNSON, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTIONS TO APPOINT COUNSEL AND PROCEED IN FORMA PAUPERIS

**THIS CAUSE** is before the Court upon Plaintiff's pro se Complaint [DE 1], Motion to Appoint Counsel [DE 3], and Motion for Leave to Proceed *In Forma Pauperis* [DE 4]. The Court has carefully reviewed these filings and is otherwise advised in the premises.

Before considering the motion to proceed *in forma pauperis*, the Court must conduct a screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). As pertinent here, the Court is required to dismiss the Complaint upon finding that it fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (footnote & citation

omitted)); Ashcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth).  Although pro se pleadings are held to a less stringent standard and construed liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), a pro se complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Here, Plaintiff's Complaint is rambling and often incomprehensible.  The pleading string-cites various federal statutes, followed by lengthy descriptions of events that allegedly occurred while Plaintiff worked for the U.S. Department of Homeland Security.  Some of the claimed events appear to be generalized grievances, such as Plaintiff's supervisor not allowing her to retake her identification-card photo, see DE 1 at 1-2, and her supervisor and another employee telling Plaintiff that she had returned from lunch five minutes late.  See id. at 4.  Other allegations seem more substantial—for example, Plaintiff's supervisor placing her on a performance improvement plan for no valid reason, see id. at 2-3, and the supervisor falsely claiming that Plaintiff had threatened him.  See id. at 3-4.

Yet all these assertions have one thing in common:  Plaintiff makes no effort to explain how the alleged facts support any legal claim.  Although Plaintiff writes extensively about her perceived mistreatment, she ties none of the pleaded facts to the elements of any of the federal laws she cites.  See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  So even construed liberally, Plaintiff's Complaint states no plausible claim for relief.  See Twombly, 550 U.S. at 555.

Plaintiff's Complaint must therefore be dismissed for failure to state a claim. The Court, however, will allow Plaintiff to file an Amended Complaint that remedies the pleading defects addressed in this Order.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  But the Court will not appoint counsel for Plaintiff.  At most, this case is a routine employment dispute in which Plaintiff was personally involved.  It does not come close to the "extraordinary circumstances" required to appoint counsel for a civil plaintiff.  Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (per curiam).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff's Motion to Appoint Counsel [DE 3] is **DENIED**;

3. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [DE 4] is **DENIED**;

4. By no later than **August 10, 2016,** Plaintiff may file an Amended Complaint that corrects the pleading deficiencies explained in this Order, as well as a renewed Motion for Leave to Proceed *In Forma Pauperis*; and

5. **If Plaintiff does not file an Amended Complaint by August 10, 2016, the Court will close this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of July, 2016.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Celestine Green Thompson, pro se