UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60652-CIV-COHN

CELESTINE GREEN THOMPSON,

    Plaintiff,

v.

JOHN F. KELLY, Secretary,
Department of Homeland Security,

    Defendant.[1]
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the filing of Plaintiff's Second Amended Complaint [DE 12] ("SAC") and Defendant's Motion to Dismiss [DE 14] ("Motion"). The Court has carefully reviewed the SAC, the Motion, and Plaintiff's Response [DE 16],[2] and is otherwise fully advised in the premises.

**I.    Background**

This case generally involves Plaintiff's former employment with the United States Department of Homeland Security ("DHS"). Because Plaintiff seeks to proceed *in forma pauperis*, the Court earlier conducted screenings of her original Complaint [DE 1] and

---

[1] The Court takes judicial notice that John F. Kelly has succeeded Jeh Charles Johnson—the original Defendant in this action—as Secretary of Homeland Security. See Fed. R. Evid. 201. Secretary Kelly is therefore automatically substituted as the new Defendant. See Fed. R. Civ. P. 25(d).

[2] This pro se filing is titled "Plaintiff Motion to Deny Dismissal of Case By Defendant Motion to Dismiss Dated December 22, 2016." DE 16 at 1. But the substance of the document makes clear that it is a Response opposing the Motion. The Court notes, however, that Plaintiff filed the Response five days after the extended, show-cause deadline of January 13, 2016. See DE 15 at 1 (Order to Show Cause). Regardless, as discussed herein, the Response does not address the dispositive issues raised in Defendant's Motion.

First Amended Complaint [DE 9].  See 28 U.S.C. § 1915(e)(2)(B).  Even construing these pro se pleadings liberally, the Court determined, neither came close to stating a plausible claim for relief.  See DE 8 (Order of July 10, 2016); DE 11 (Order of Oct. 13, 2016); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Both Complaints string-cited various federal statutes and then described events allegedly showing that Plaintiff's supervisor and other DHS employees treated her unfairly.  Yet neither pleading explained how its factual allegations supported a claim under any of the cited laws.  See DE 8 at 2; DE 11 at 3.  Still, the Court twice allowed Plaintiff to amend her Complaint in order to correct these pleading defects.  See DE 8 at 3; DE 11 at 4 (both citing Fed. R. Civ. P. 15(a)(2)).

Plaintiff thereafter filed her SAC.  Before the Court screened that Complaint, Defendant entered a limited appearance and filed its Motion.[3]  Defendant chiefly argues that (1) the Court lacks subject-matter jurisdiction because Plaintiff has not identified an applicable waiver of sovereign immunity, and (2) the SAC fails to state any claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(1), 12(b)(6).  Plaintiff's Response does not address these arguments.  Instead, Plaintiff generally reasserts that DHS employees mistreated her and that this case should be allowed to proceed.

**II.     Discussion**

    **A.     Lack of Subject-Matter Jurisdiction**

Regarding Defendant's first argument, the United States is immune from suit "unless it expressly consents to be sued."  EEOC v. First Nat'l Bank, 614 F.2d 1004,

---

[3] Defendant maintains that Plaintiff has not effected timely service of process and therefore that personal jurisdiction is lacking.  Because dismissal is warranted on the other grounds raised by Defendant, the Court need not address the arguments concerning service and personal jurisdiction.

1007 (5th Cir. 1980).[4]  This sovereign immunity "extends to [federal] agencies . . . and the officers of these agencies."  Simons v. Vinson, 394 F.2d 732, 736 (5th Cir. 1968).[5]  Plaintiff thus "bears the burden of establishing that the federal government has waived its sovereign immunity with respect to her claim."  Thompson v. McHugh, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam); see Ishler v. IRS, 237 F. App'x 394, 398 (11th Cir. 2007) (per curiam).

When sovereign immunity applies, it deprives a court of subject-matter jurisdiction to hear a plaintiff's claim.  See Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996).  Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties."  Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).  If a court lacks jurisdiction over the subject matter of a case, it must be dismissed.  See Fed. R. Civ. P. 12(b)(1), (h)(3).

Again, in her Response to the Motion, Plaintiff does not address Defendant's contention that she has failed to establish a relevant waiver of sovereign immunity.  Nor does the SAC substantially allege any waiver of that immunity.  Thus, dismissal for lack of subject-matter jurisdiction is appropriate here.[6]

---

[4]  Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5]  It is clear that Plaintiff is suing Defendant in his official capacity only; she does not allege that he personally committed any unlawful act against her.

[6]  The only possible basis the Court sees for a waiver of sovereign immunity is the provision of Title VII banning unlawful discrimination in federal employment.  See 42 U.S.C. § 2000e-16.  In reviewing Plaintiff's First Amended Complaint, the Court noted that this statute—which Plaintiff included in string citations—"could conceivably apply in this case."  DE 11 at 3.  The Court further observed, however, that "Plaintiff has

B.     Failure to State a Claim

Even if the SAC could be read as invoking a valid waiver of sovereign immunity, see infra note 6, Plaintiff still has not stated a plausible claim for relief.  To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint therefore must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).

The SAC first alleges that this Court is biased against Plaintiff, apparently since Defendant is a United States agency.  See DE 12 at 1 (citing 28 U.S.C. § 144).  But that does not show bias—indeed, the Court handles many cases in which the United States is a party.  More, despite the major shortcomings of her prior Complaints, the Court has

---

not pleaded the elements of a claim under that law."  Id. (citing Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1244 (11th Cir. 2012)).  Likewise, the SAC cites § 2000e-16 in passing but does not allege the elements of a Title VII claim.  But to the extent this pleading could be read as substantially invoking § 2000e-16, the Court—in an abundance of caution—will address Defendant's second argument that Plaintiff has failed to state a claim.

granted Plaintiff two chances to remedy those deficiencies. The Court therefore rejects Plaintiff's claim that she has been "treated totally unfair[ly] in this matter." Id.

The SAC also tries to incorporate by reference the statutes cited in Plaintiff's earlier Complaints. See DE 12 at 1 ("All the Federal Statutes remain as I have noted in my Complaints."). This form of pleading, though, is improper. See S.D. Fla. L.R. 15.1 ("Any amendment to a pleading . . . must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). In any event, the Court has already found Plaintiff's prior statutory claims deficient, and nothing in the SAC alters that conclusion. Plaintiff further suggests that her former supervisor and another DHS employee violated a criminal statute prohibiting bribery of federal officials. See DE 12 at 1 (citing 28 U.S.C. § 201(b)). Yet Plaintiff nowhere explains how this unsupported charge pertains to her civil claims against Defendant.[7]

In sum, Plaintiff's third Complaint—like her first two—states no plausible claim for relief. The SAC presents bare legal citations and conclusory statements of wrongdoing without alleging the factual elements of any claim. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. And since Plaintiff has twice failed to remedy the serious defects in her pleadings, allowing her to amend the SAC further would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, even assuming that subject-matter jurisdiction exists here, the Court will dismiss this action on the alternative ground that Plaintiff has failed to state a proper claim for relief.

---

[7] The balance of Plaintiff's SAC repeats generalized allegations from her prior Complaints, but again fails to tie those alleged facts to the elements of any legal claim. See DE 12 at 2.

### C.      Prior Dismissed Actions

Last, a review of this District's records shows that, over the past thirteen years, Plaintiff has filed at least eight similar pro se actions against the Secretary of DHS, including two prior cases before this Court.  See Thompson v. Johnson, Case No. 15-cv-61868-WPD (S.D. Fla. filed Sept. 3, 2015); Thompson v. Johnson, Case No. 15-cv-61793-WPD (S.D. Fla. filed Aug. 26, 2015); Thompson v. Napolitano, Case No. 10-cv-61527-JIC (S.D. Fla. filed Aug. 19, 2010); Thompson v. Chertoff, Case No. 06-cv-61821-CMA (S.D. Fla. filed Dec. 5, 2006); Thompson v. Chertoff, Case No. 06-cv-61820-UU (S.D. Fla. filed Dec. 5, 2006); Thompson v. Ridge, Case No. 05-cv-60048-DTKH (S.D. Fla. filed Jan. 10, 2005); Thompson v. Ridge, Case No. 03-cv-62241-DTKH (S.D. Fla. filed Dec. 19, 2003); Thompson v. Ridge, Case No. 03-cv-62240-JIC (S.D. Fla. filed Dec. 19, 2003).  All five presiding District Judges dismissed these lawsuits, at least in part because Plaintiff had failed to state a claim.  Plaintiff's repeated filing of meritless lawsuits places an unnecessary burden on the Judges of this District.  Thus, the Court will put Plaintiff on notice that filing any more baseless actions may subject her to sanctions.  See Fed. R. Civ. P. 11.

### III.     Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 14] is **GRANTED**;

2. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction and, alternatively, for failure to state a claim;

3. **Plaintiff Celestine Green Thompson is cautioned that if she continues to file actions lacking any reasonable basis in law or fact, the Court may impose sanctions against her.  Those sanctions could include barring Thompson from filing new pleadings without prior Court approval**; and

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of January, 2017.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Celestine Green Thompson, pro se